E-FILED
Tuesday, 02 May, 2006  10:16:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
  Plaintiff,

  vs.                        No. 06-1097

ANGUS ALTON, et.al.,
  Defendants

## ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Cedric Dupree, has submitted a complaint pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named 30 defendants in six counts.

      The first count alleges that Assistant United States Attorney John Weathers and several members of the medical staff conspired to violated the plaintiff's rights when they allowed Mr. Weathers to have portions of his confidential medical records. The plaintiff has failed to state a claim upon which relief can be granted. The plaintiff currently has two other lawsuits pending and each claims that defendants were deliberately indifferent to his serious medical needs.[1] The plaintiff chose to file the lawsuits and chose to make his medical condition an issue. Attorney Weathers is representing the defendants in one of the pending cases, and may review the defendant's files in order to prepare for litigation.

      The plaintiff's second claim is that a Cook County Assistant States Attorney, Leslie Quade, provided false information to the Prisoner Review Board during an executive clemency hearing. Again, the plaintiff has failed to state a claim upon which relief can be granted. The assistant states attorney is immune from §1983 liability for statements made to the Illinois Prisoner Review Board during this hearing. *See Lucien v Preiner*, 967 F.2d 1166 (7th Cir. 1992).

      The plaintiff's third claim is that Livingston County Circuit Judge Harold Frobish, Illinois Court of Claims Judge Randy Patchett and Illinois Appellate Defendar Carrie Marche conspired to "stop me from being heard in the court of claims..." (Comp., p. 10) It is difficult to

---

[1] *Dupree v French*, 05-1201, *Dupree v. Pierce*, 05-1028.

1

decipher what the plaintiff is claiming.  However, he directs the court to an exhibit attached to his complaint to further illustrate his claim.   It is a letter from Judge Frobish to the Livingston County Circuit Clerk dated November 22, 2004.  It states:

> I have reviewed the submissions of Mr. Dupree who complaints that Randy Patchett, apparently a Judge in the Court of Claims, is refusing to answer his letters.  If Mr. Dupree desires relief from the Court of Claims, then he must appeal any action from the Court of Claims to a higher court.  This in no way is a proper action in Livingston County.   I recommend you return the submissions to Mr. Dupree.

The plaintiff has failed to state a claim upon which relief can be granted.  He has failed to articulate a violation of his constitutional rights.  In addition, the judges are shielded from civil liability for their judicial actions, unless they have acted in "clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. 9, 10 (1991)*; Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000)  Judicial immunity applies, even when the action is alleged to have been in error, procedurally flawed, or with bad motive.  *Id.*  See also, *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990)(allegations of conspiracy insufficient to overcome judicial immunity)*;  Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th cir. 1987)(immunity applies even when alleged act was malicious or corrupt)

The plaintiff's fourth and fifth claim are allegations that Illinois Appellate Defenders Carrie Marche and Eileen Pahl were appointed to represent him in different actions and negligently performed their duties.  The plaintiff has failed to state a claim upon which relief can be granted because the appellate defender does not act under color of state law when representing a client. *See Cornes v Munoz*, 724 F.2d 61 (7th Cir. 1983).   For the plaintiff to state a claim for relief under §1983, he must establish that he was not only deprived of a constitutional right, but also that the alleged deprivation was committed under color of state law. 42 U.S.C. §1983

The plaintiff's final claim is that several defendants within the Illinois Department of Corrections violated his right to meaningful access to the courts.   The plaintiff lists a variety of ways he feels the defendants are hindering his efforts.  The plaintiff has failed to state a claim upon which relief can be granted.  An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim.  Lewis v. Casey, 518 US. 343, 116 S. Ct. 2174, 2180 (1996).  It is not clear from the plaintiff's complaint that he was hindered in any specific litigation.  More importantly, the plaintiff already has a case pending before this court that makes the same allegations against many of the same defendants. *See Dupree v Pierce*, 05-1028.

**IT IS THEREFORE ORDERED that:**

1) The case is dismissed in its entirety for failure to state a claim upon which relief can be granted.  The case is terminated without prejudice.

2) All pending motions are denied as moot. [d/e 1, 2, 3]

3) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.

4) The plaintiff must still pay the full docketing fee of $350.00 even though her case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this _____2nd___ day of May, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE